The Honorable Ken J. Mascara St. Lucie County Sheriff 4700 West Midway Road Fort Pierce, Florida 34981
Dear Sheriff Mascara:
You ask substantially the following question:
May funds from the special law enforcement trust fund be donated to a 501(c)(3) corporation that treats drug addicts recently released from jail where such funds will be directed to the renovation of buildings used by the program for residential and administrative purposes?
In sum:
Funds from the special law enforcement trust fund may be donated to a 501(c)(3) corporation that treats drug addicts recently released from jail where such funds will be directed to the renovation of buildings used by the program for residential and administrative purposes.
Sections 932.701-932.707, Florida Statutes, the Florida Contraband Forfeiture Act,[1] authorize the seizure and forfeiture of any contraband article, vessel, motor vehicle, aircraft, personal property, or real property used in violation of the act. A law enforcement agency effecting a forfeiture of seized property may elect to retain the property, or sell, salvage, trade, or transfer it to any public or nonprofit organization.[2]
If the seized property is sold, the proceeds are to be disbursed in the manner prescribed by statute.[3] When the seizing agency is a county or municipal agency, the remaining proceeds are to be deposited in a special law enforcement trust fund established by the board of county commissioners.[4] These funds may be expended upon request by the sheriff to the board of county commissioners, accompanied by a written certification that the request complies with the provisions of this subsection, and only upon appropriation to the sheriff's office by the board of county commissioners.[5]
In specifying the uses for such proceeds in the special law enforcement trust fund, section 932.7055(4)(a), Florida Statutes, states, in part, that "[s]uch proceeds and interest earned therefrom shall be used for . . . drug abuse education. . . ." Funds received through an appropriation from the contraband forfeiture fund may be expended in accordance with statutorily prescribed procedures:
"1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drugprevention programs or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate.
2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency.
3. After July 1, 1992, and during every fiscal year thereafter, any local law enforcement agency that acquires at least $15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drugabuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds."[6]
Thus, the statutes clearly recognize that these funds may be used for the support and operation of drug treatment programs. While the statute prohibits the use of such funds to meet the normal operating needs of the law enforcement agency, no such limitation is placed on funds donated to a drug treatment program run by a nonprofit organization. The statute only requires that the funds be used for the support and operation of the drug treatment program. The term "support" is generally defined as "furnishing funds or means for maintenance; to maintain; to provide for; to enable to continue; to carry on" and would appear to encompass capital expenditures in the absence of an expression of legislative intent to the contrary.[7]
Accordingly, I am of the opinion that funds from the special law enforcement trust fund may be donated to a 501(c)(3) corporation that treats drug addicts recently released from jail where such funds will be directed to the renovation of buildings used by the program for residential and administrative purposes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 932.701(1), Fla. Stat.
[2] Section 932.7055(1), Fla. Stat.
[3] See, s. 932.7055(3), Fla. Stat., prescribing that the proceeds be used to satisfy any liens preserved by the court in the forfeiture proceedings, pay the costs incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of the property, and pay any court costs incurred in the forfeiture proceeding.
[4] Section 932.7055(4)(a), Fla. Stat.
[5] Section 932.7055(4)(b), Fla. Stat. And see, Op. Att'y Gen. Fla. 91-69 (1991), stating that a county commission was not authorized to expend funds from a contraband trust fund absent a request and the required certification from the sheriff/director of public safety. See also, Op. Att'y Gen. Fla. 81-99 (1981) (board of county commissioners vested with exclusive authority to decide appropriation of contraband trust funds to the sheriff's office).
[6] Section 932.7055(4)(c)1.-3., Fla. Stat.
[7] See, Black's Law Dictionary Support p. 1291 (rev. 5th ed. 1979); Webster's Third New International Dictionary Support p. 2297 (unabridged ed. 1981) (to give assistance to; to pay the costs of). Cf., State ex rel. Second District Court of Appeal v.Lewis, 550 So.2d 522 (Fla. 1st DCA 1989) (Legislature appropriated funds "to support" two new judicial positions at second district court of appeal including an amount for operating capital outlay).